UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LARRY BRANDON BENGE,

        Plaintiff,

    v.                          CAUSE NO. 3:20-CV-699-DRL-MGG

HYATTE, *et al.*,

        Defendants.

OPINION & ORDER

Larry Brandon Benge, a prisoner without a lawyer, filed a complaint alleging that staff at the Miami Correctional Facility have failed to protect him from repeated inmate attacks. He has sued Superintendent Hyatte, Assistant Superintendent Hawke, Assistant Superintendent Paine, and Unit Team Manager Angle for injunctive relief only. He also seeks a preliminary injunction in the form of protective custody, a transfer, or some other form of adequate protection from the gang members that have threatened him.

A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Benge alleges that, in June 2019, he sought protective custody. Following his request, internal affairs determined that his allegations that gang members were trying to hurt or kill him were credible, but he was not placed in protective custody because the Miami Correctional Facility doesn't have a protective custody unit. Instead, a transfer request was submitted.

A few months later, he was stabbed by an inmate. He again told prison officials that he wasn't safe. The defendants determined that he should remain in general population pending his transfer.

In April 2020, Mr. Benge was assaulted again—this time by multiple inmates. Mr. Benge again sought protective custody, but Unit Team Manager Angle said there was no protective custody unit and he would need to wait for a transfer. When he asked to speak to Superintendent Hyatte, Assistant Superintendent Hawke, or Assistant Superintendent Paine, he was told that they were all aware of his situation. He was moved to a program unit.

On August 7, 2020, Mr. Benge was stabbed in the face. Even after this most recent attack, Mr. Benge remains at the Miami Correctional Facility where protective custody is allegedly unavailable. It is unclear if any steps have been taken to protect Mr. Benge following this attack.

When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial

risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). By contrast, "a complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). "Even if an official is found to have been aware that the plaintiff was at substantial risk of serious injury, he is free from liability if he responded to the situation in a reasonable manner." *Fisher v. Lovejoy*, 414 F.3d 659, 664 (7th Cir. 2005).

Here, Mr. Benge alleges that prison officials have conceded that he needs protective custody due to threats from gang members, yet he remains at the facility where protective custody is unavailable. He has been attacked five times since June 2019, and Mr. Benge reports that four of those attacks occurred after the determination was made that he should be transferred. It can be reasonably inferred from these allegations that prison officials have been and continue to be deliberately indifferent to a known risk to Mr. Benge's safety posed by identified gang members. Thus, Mr. Benge has stated a claim for injunctive relief against Superintendent Hyatte for failure to protect him from known threats by identified gang members. It is the superintendent in his official capacity who is charged with ensuring Mr. Benge's safety. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

The injunctive relief Mr. Benge is seeking is protective custody or transfer to another facility, but Mr. Benge is entitled only to adequate protection as required by the Constitution. There are multiple methods of providing this protection, and Mr, Benge cannot dictate how it is provided. "The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Therefore, injunctive relief – if granted – would be limited to requiring Superintendent Hyatte to provide Mr. Benge with adequate protection as required by the Constitution.

For these reasons, the court:

(1) GRANTS Larry Brandon Benge leave to proceed against Superintendent Hyatte in his official capacity on an injunctive relief claim to provide adequate protection from the known threat to harm or kill him posed by identified gang members, as required by the Eighth Amendment;

(2) DISMISSES all other claims pursuant to 28 U.S.C. § 1915A;

(3) DISMISSES Assistant Superintendent Hawke, Assistant Superintendent Paine, and Unit Team Manager Angle;

(4) DIRECTS the clerk to request waiver of service from (and if necessary, the United States Marshals Service to serve process on) Superintendent Hyatte at the Indiana

Department of Correction with a copy of this order, the complaint (ECF 1), and the motion seeking a preliminary injunction (ECF 3) pursuant to 28 U.S.C. § 1915(d);

(5) DIRECTS the clerk to fax or email a copy of the request for waiver of service, complaint (ECF 1), motion seeking a preliminary injunction (ECF 3) to Superintendent Hyatte; and

(6) ORDERS Superintendent Hyatte to file an affidavit or declaration with the court by **September 4, 2020**, explaining how Larry Brandon Benge is being housed in order to comply with the Eighth Amendment's requirements.

SO ORDERED.

August 24, 2020                                            *s/ Damon R. Leichty*
                                                           Judge, United States District Court