UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LARRY BRANDON BENGE, <br><br> Plaintiff, <br><br> v. <br><br> HYATTE, <br><br> Defendant. | CAUSE NO. 3:20-CV-699-DRL-MGG |

OPINION & ORDER

Larry Brandon Benge, a prisoner without a lawyer, filed a motion for preliminary injunction seeking housing in a protective custody unit to avoid attacks from other inmates at the Miami Correctional Facility. ECF 3. He is currently proceeding on an Eighth Amendment claim for injunctive relief against Warden William Hyatte[1] to provide adequate protection from the known threat to harm or kill him posed by identified gang members. ECF 5.

The purpose of preliminary injunctive relief is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 726 (7th Cir. 1998). "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004). "A potential injury is irreparable when the threatened harm would impair the court's ability to grant an effective remedy." *EnVerve, Inc. v. Unger Meat Co.*, 779 F. Supp. 2d 840, 844 (N.D. Ill. 2011). "Irreparable harm

---

[1] Though sued as Superintendent Hyatte, his correct title is Warden, and this order will refer to him by that title.

is harm which cannot be repaired, retrieved, put down again, [or] atoned for. The injury must be of a particular nature, so that compensation in money cannot atone for it." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997).

The record reflects that Mr. Benge began having problems with other offenders in April 2019, shortly after he was released to general population. On June 20, 2019, Miami's Protective Custody Committee recommended that Mr. Benge be transferred to another IDOC facility and placed in protective custody. Miami Correctional Facility does not have a protective custody unit. At that time, Mr. Benge was housed in AHU—the housing unit used for offenders pending a determination of whether protective custody is appropriate.

On July 2, 2019, Mr. Benge was assaulted. He reported the assault the next day and staff ensured that he received medical treatment. During October 2019, Mr. Benge was involved in several incidents with offenders outside his housing unit. In March 2020, he was assaulted again, but the offenders that assaulted him were again from another housing unit. Mr. Benge reported to staff that he was okay because the attacker was not in his housing unit. On March 26, 2020, Mr. Benge was approved for transfer. But, by this time, the COVID-19 pandemic had resulted in lock downs and created additional concerns regarding transferring inmates.

On April 22, 2020, Mr. Benge again requested protective custody. UTM Angle reviewed his request, but he determined that the surveillance video was inconclusive, and that Mr. Benge's injuries were inconsistent with his report. Nonetheless, he was moved to Housing Unit H pending his transfer. Following a conduct violation, Mr. Benge was moved to another housing unit—housing unit C. He asked to be moved from unit C, but custody staff observed Mr. Benge and concluded that his behavior was inconsistent with the fear he reported.

On August 7, 2020, Mr. Benge was found to have wounds requiring medical attention. According to Mr. Benge, he was stabbed in the face. It was unclear from Mr. Benge's complaint if any

steps were taken to protect him following this attack. But Warden Hyatte reports that Mr. Benge was moved to yet another housing unit as a precaution. It is still expected that Mr. Benge will be transferred, but a date is not scheduled. According to Warden Hyatte, pending Mr. Benge's transfer, his housing assignment will continue to be monitored and will be changed, if needed.

To obtain a motion for a preliminary injunction, Mr. Benge must demonstrate a reasonable likelihood of success on the merits and that he will suffer irreparable harm absent injunctive relief. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Deliberate indifference is a high standard and is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). In such cases, "a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

The record indicates that a determination has been made that Mr. Benge should be placed in protective custody, but the transfer has been delayed due to the current pandemic. Nonetheless, when Mr. Benge has sought protective custody or been found with injuries, prison staff have adjusted his housing assignment pending his transfer. While correctional staff may not have eliminated the risk of harm to Mr. Benge, they have provided him with meaningful safety measures. On this record, the court cannot find that correctional staff are acting with deliberate indifference to Mr. Benge's safety or that Mr. Benge will suffer irreparable harm absent injunctive relief.

With respect to the competing and public interests, unnecessary intrusions into the management of prisons are generally disfavored. *See* 18 U.S.C. § 3626(a) (prison-related injunctions must be necessary to remedy the violation and narrowly tailored); *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) ("Prison officials have broad administrative and discretionary authority over the institutions they manage."). This is particularly true here, given the acknowledgement that Mr. Benge should be placed in protective custody and the unusual circumstances of the current pandemic.

After considering the relevant factors, the court finds that Mr. Benge has not demonstrated that he is entitled to preliminary injunctive relief. Therefore, the court DENIES the motion for a preliminary injunction (ECF 3).

SO ORDERED.

September 4, 2020                                *s/ Damon R. Leichty*
                                                 Judge, United States District Court