# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| LARRY BRANDON BENGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:20-CV-699-DRL-MGG |
| ) | |
| HYATTE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant, William Hyatte, Warden of the Miami Correctional Facility, by counsel, Archer Rose, Jr., Deputy Attorney General, respectfully moves the Court to dismiss this cause of action seeking injunctive relief because it is moot. Defendant has been transferred from the Miami Correctional Facility to the New Castle Correctional Facility. Therefore, any injunctive relief ordered against Defendant Hyatte would offer no relief to the Plaintiff. Further, the alternative relief Plaintiff seeks in this cause has now been granted without Court intervention. Lacking a live "case" or "controversy," as required by U.S. Constitution, Article III, Section 2, this Court lacks subject matter jurisdiction and this cause is due to be dismissed.

### I. Facts

On August 19, 2020, Plaintiff initiated this cause of action with the filing of his complaint, while confined at the Miami Correctional Facility, alleging that he was being denied constitutionally adequate protection from known dangers to his health and safety. [ECF 1 at 2-5; ECF 5 at 2-3]. In this cause, Plaintiff seeks permanent

1

injunctive relief, a preliminary injunction in the form of protective custody, a transfer, or some other form of adequate protection from gang members that have threatened him. [ECF 5 at 1.] Upon screening, Plaintiff was granted leave to proceed against Defendant Hyatte in his official capacity on an injunctive relief claim to provide adequate protection from the known threat to harm or kill him posed by identified gang members, as required by the Eighth Amendment. [*Id* at 4 ¶ 1.] During the pendency of this cause, Plaintiff has been pending inter-facility transfer for protective custody. [ECF 9 at 9 ¶ y; ECF 16 at 5 ¶ l; ECF 25 at 5 ¶ j.] Plaintiff has now been transferred from the Miami Correctional Facility to the New Castle Correctional Facility. [Ex. A & B.]

## II. Argument

The jurisdiction of the federal courts is limited by the constitution itself to "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. The U.S. Supreme Court has established over the years the "irreducible constitutional minimum of standing" that is required in all cases: *first,* there must be an "injury in fact" that is both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical;" s*econd,* there must be a "causal connection" between the injury suffered by the plaintiff and the conduct of the defendant; and *third,* it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision" of the courts. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992) (internal citations and quotations omitted). The party invoking federal

jurisdiction bears the burden of establishing these elements, which are "not mere pleading requirements," but an "indispensable part of the plaintiff's case." *Id.* at 561.

The "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a personal stake in the outcome of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "Throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

"Where the prisoner's claims for declaratory or injunctive relief relate solely to the conditions of confinement at the penal institution at which the prisoner is no longer incarcerated, courts have concluded that they are unable to provide the prisoner with effective relief." *Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011). "Because a prisoner's transfer or release signal[s] the end of the alleged deprivation of his constitutional rights, an entry of equitable relief in his favor would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendants' behavior towards him." *Id.* (citing *McKinnon v. Talladega Cnty., Ala.,* 745 F.2d 1360, 1362 (11th Cir. 1984)).

On the other hand, "where a prisoner brings a lawsuit challenging *policies* that apply in a generally uniform fashion throughout a prison system, courts have been disinclined to conclude that the prisoner's declaratory or injunctive claims are moot, even after he has been transferred to another prison in that system." *Id.* at 1028 (emphasis added). "Critically, in determining that the transferred prisoners' claims

3

for declaratory or injunctive relief were not moot, these courts have focused upon the fact that the prisoners *had sued defendants who were actually situated to effectuate any prospective relief* that the courts might see fit to grant—*viz.,* that the prisoners had sued the director of the prison system or the prison system itself." *Id.* (emphasis added).

In this case, no matter the injunctive relief this Court would order, the Warden of the Miami Correctional Facility cannot implement it as to Plaintiff because he is no longer under the control of the Warden of the Miami Correctional Facility. Further, without the need of Court intervention, Plaintiff's pending inter-facility transfer for protective custody, which was one of his alternative methods of sought injunctive relief, is not been accomplished. Thus, this cause of action is due to be dismissed because there is no present "case" or "controversy" between the parties.

### III. Conclusion

Because there is no live "case" or "controversy" between the parties and any injunctive relief would be wholly ineffective, this cause of action is due to be dismissed.

Respectfully Submitted,

CURTIS T. HILL, Jr.
Indiana Attorney General
Attorney No. 13999-20

Date: <u>October 28, 2020</u>    By: Archer Rose, Jr.
Deputy Attorney General
Attorney No. 35969-49
OFFICE OF THE INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street

4

Indianapolis, IN 46204
Telephone: (317) 232-6286
Fax: (317) 232-7979
Email: Archer.Rose@atg.in.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Further, I hereby certify that I have served the foregoing by United States mail, first-class postage prepaid, on October 28, 2020 upon:

Larry Benge
DOC #978470
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Archer Rose, Jr.
Deputy Attorney General

OFFICE OF THE INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204
Telephone: (317) 232-6286
Fax: (317) 232-7979
Email: Archer.Rose@atg.in.gov